# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FATHER RAY LEONARD<br>66 Fox Squirrel Court<br>St. Marys, GA 31558<br><br>FRED NAYLOR<br>102 Snapper Court<br>St. Marys, GA 31558<br><br>       Plaintiffs,<br><br>  -v.-<br><br>UNITED STATES DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, DC 20301-1400<br><br>CHUCK HAGEL, in his official capacity as the Secretary of the U.S. Department of Defense<br>1400 Defense Pentagon<br>Washington, DC 20301-1400<br><br>UNITED STATES DEPARTMENT OF THE NAVY<br>1200 Navy Pentagon<br>Washington DC 20350-1200<br><br>RAY MABUS, in his official capacity as the Secretary of the U.S. Department of the Navy<br>1200 Navy Pentagon<br>Washington DC 20350-1200<br><br>       Defendant. | **COMPLAINT** |

## COMPLAINT

Plaintiffs Father Ray Leonard and Fred Naylor (hereinafter "Plaintiffs"), by and through undersigned counsel, bring this Complaint against the Defendants United States Department of Defense, United States Secretary of Defense Chuck Hagel, United States Department of the

1

Navy, and Secretary of the United States Department of the Navy, Ray Mabus, their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

## INTRODUCTION

1.  Plaintiffs seek relief from the clear and purposeful deprivation of their religious freedom, free association, and free speech rights pursuant to 42 U.S.C. § 1983.

2.  This is a challenge to regulations under the "Anti-Deficiency Act," 31 U.S.C. § 1342; 31 U.S.C. § 1350, and the "Pay Our Military Act," H.R. 3210, which have the effect of threatening Plaintiff Father Ray Leonard with the force of law if he administers Catholic Mass and services on the Naval Submarine Base Kings Bay. Furthermore, these regulations deprive Military Veteran Plaintiff Fred Naylor of Catholic religious services, classes, blessings, and meetings on the Naval Submarine Base Kings Bay.

3.  Plaintiffs seek a preliminary and permanent injunction preventing government interference with religious services by military chaplains to their congregants. Plaintiffs further seek a declaratory judgment that the Anti-Deficiency Act as applied to the sermons and counseling of the United States Military Chaplains violates the Free Speech, Free Association, and Free Exercise Clauses of the First Amendment of the United States Constitution and the Religious Freedom Restoration Act of 1993.

4.  Plaintiffs additionally seek nominal damages and all costs, fees, and expenses incurred as a result of this action.

## JURISDICTION AND VENUE

5. This action in which the United States is a defendant arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1346.

6. Plaintiffs' claims for declaratory and preliminary and permanent injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, by 42 U.S.C. § 2000bb-1, and by the general legal and equitable powers of this Court.

7. Venue is proper under 28 U.S.C. § 1391(e) because Defendants reside in this district and a substantial part of the acts giving rise to Plaintiffs' claims occurred in this district.

8. This court has authority to award Plaintiffs their reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 2412, 5 U.S.C. § 504, 42 H.S.C. § 2000bb-1, and the general legal and equitable powers of this court.

## PLAINTIFFS

9. Plaintiff Father Ray Leonard is a Catholic Priest. Evangelizing, public speaking, worshipping God through daily and weekly Mass, and sharing the Sacraments with his parishioners are vital aspects of his religious beliefs and vocation.

10. Father Leonard is a civilian under contract with the United States government, specifically the Defendant United States Department of Defense, to serve as the Catholic Pastor and provide Catholic religious services at the Naval Submarine Base Kings Bay, in Kings Bay, Georgia. His contract began on October 1, 2013, and lasts for the duration of one year.

11. Father Leonard is contracted to celebrate daily Mass and weekend services, to provide the Sacraments to his faith community, and to assist his parishioners with all aspects of the Catholic Catechism. He ministers to military servicemen and women and their families and

friends, along with military support and other civilian personnel who choose to utilize his services.

12. Father Leonard wishes to continue practicing his faith and ministering to his faith community free of charge on the Naval Submarine Base Kings Bay during the government shutdown, but has been told that he is subject to arrest if he does so.

13. Prior to being the assigned priest at Kings Bay Naval Base, Father Leonard was a Catholic priest in China for ten years, where he served the Tibetans and the world's most poor. In China, he witnessed religious persecution first-hand, and was not allowed to perform public religious services due to the lack of religious freedom.

14. Now that he is home in the United States, Father Leonard seeks to enjoy the religious freedom that is protected by the First Amendment. He seeks to exercise his First Amendment rights by engaging in free speech and religious activities, and by serving the retired and active members of the military and their families.

15. Plaintiff Fred Naylor is a practicing and faithful Catholic and a retired Navy Veteran with over 22 years of military service.

16. Fred Naylor's Catholic faith requires him, amongst other practices, to maintain the Sabbath by attending Mass services.

17. Fred Naylor lives near the Naval Submarine Base Kings Bay and his church is the Kings Bay Chapel, where he is a member of the St. Francis faith community.

18. On October 4, 2013, Fred Naylor wished to attend Mass, but learned that there would be no Catholic services at his church due to the government shutdown.

19. Fred Naylor also planned to attend and participate in a blessing on October 5, 2013 in honor of the community of St. Francis' patron saint, Saint Francis. This blessing was

cancelled due to Father Ray Leonard being disallowed from working at the Naval Submarine Base Kings Bay.

20.     Fred Naylor wishes to practice his Catholic faith and attend Mass at his church, Kings Bay Chapel with his faith community.

## DEFENDANTS

21.     Defendants are appointed officials of the United States government and United States governmental agencies responsible for implementing the Anti-Deficiency Act and the Pay Our Military Act.

22.     Defendant United States Department of Defense is an executive agency of the United States government responsible for the administration, enforcement, and policies of the regulations which are the subject of this lawsuit.

23.     Defendant Department of Defense oversees the United States Navy, Marine Corps, Army and Air Force. It employs over 1.4 million people on active duty, 718,000 civilian personnel, 1.1 million National Guard and Reserve forces and provides benefits to more than 2 million military retirees and their families. Department of Defense official website: http://www.defense.gov/about/#mission last visited October 11, 2013.

24.     Defendant Chuck Hagel is the Secretary of the United States Department of Defense. In this capacity, Defendant Chuck Hagel is a policy maker and is responsible for the operation and management of the United States Department of Defense.

25.     Chuck Hagel is charged with interpreting the Pay Our Military Act and determining which employees and contractors of the Department of Defense are covered by the Pay Our Military Act such that they may be called back to service during the government shutdown. Defendant Chuck Hagel is sued in his official capacity.

26. Chuck Hagel issued a memorandum stating that responsibility for determining which employees fall within the scope of the Pay Our Military Act resides with the Military Department Secretaries and providing direction for how that determination is to be made.

27. Defendant Ray Mabus is the Secretary of the Department of the Navy and, on information and belief, is responsible for determining which employees under contract with the Department of the Navy are covered by the Pay Our Military Act. Defendant Ray Mabus is sued in his official capacity.

## STATEMENT OF FACTS

28. Plaintiff Father Leonard was hired by the Department of Defense to serve as Catholic Pastor and provide Catholic religious services at the Naval Submarine Base Kings Bay, in Kings Bay, Georgia.

29. As the Catholic Pastor for the Base, Father Leonard celebrates daily and weekend Mass, hears confession, and administers the Sacraments, which take place on the Base.

30. Plaintiff Fred Naylor attends Catholic services at the Naval Submarine Base Kings Bay.

31. The Naval Submarine Base Kings Bay is a base of the United States Navy located in southeastern Georgia. It is roughly 16,000 acres, with 4,000 acres comprised of protected wetlands.

32. There are approximately 10,000 total people on the Base. Father Leonard serves as Catholic Pastor to approximately 300 families. Their chapel is called the Kings Bay Chapel, and their faith community is called the community of St. Francis.

33. The submarine base is remotely located. The closest Catholic Church is off base in the town of St. Mary's. This is roughly eight miles away from the Naval Base.

34. Many of Father Leonard's parishioners live and work on the Naval Base and do not own a car or have access to other transportation. This makes a sixteen mile journey to and from church impossible for many of Fr. Leonard's parishioners, particularly sailors who are not given enough break time to walk sixteen miles and attend the Mass service.

35. Catholics are required by the dictates of their faith to attend mass and to receive Communion on the Sabbath each week.

36. On October 1, 2013, the United States government entered a "shutdown," and as a result, certain federal workers and contractors have been furloughed and instructed that they are prohibited from working, even on a volunteer basis.

37. On information and belief, the law cited for the prohibition on volunteer work during the government shut-down is 31 U.S.C. § 1342, a provision of the "Anti-Deficiency Act" which provides in pertinent part:

> An officer or employee of the United States Government . . . may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property. . . . As used in this section, the term "emergencies involving the safety of human life or the protection of property" does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property.

38. The penalties for violating the above provision are found in 31 U.S.C. § 1350, which provides that "[a]n officer or employee of the United States Government . . . knowingly and willfully violating section 1341(a) or 1342 of this title [31 USC § 1341(a) or 1342] shall be fined not more than $5,000, imprisoned for not more than 2 years, or both."

39. On October 4, 2013, Father Leonard was ordered to stop performing his duties as a Catholic chaplain.

40. Father Leonard was told that if he practiced his Catholic faith on the Naval Base, even on a volunteer basis, he would be subject to arrest.

41. The doors to the Kings Bay Chapel were locked on October 4, 2013, with the Holy Eucharist, Holy water, Catholic hymn books, and vessels all locked inside. Father Leonard and his parishioners, including Fred Naylor, were prohibited from entering.

42. The Department of Defense placed a sign outside of the Kings Bay Chapel stating that due to the government shutdown, there will be no Catholic Services until further notice.

43. The Kings Bay Chapel remains open to other faiths and is being used for their religious services. The Department of Defense has allowed the Protestant community to continue their services in the chapel during the government shutdown, without threat of penalty.

44. On Saturday, October 5, 2013, Father Leonard and the community of St. Francis had planned a blessing of animals to take place at the Kings Bay Chapel in honor of their patron saint, St. Francis of Assisi. The Department of Defense canceled the event.

45. All of the community of St. Francis' daily and weekend Masses, sacraments, services, and practices have been canceled by the Department of Defense.

46. On October 7, 2013, Father Leonard was informed that he was not permitted to even visit the chapel or his office on the Naval Base.

47. Father Leonard is not permitted to perform Confraternity of Christian Doctrine (CCD) classes, meetings, and preparations on the Naval Base. Therefore, all preparation of Catholic Sacraments, such as confirmation and marriage are cancelled.

48. Plaintiff Fred Naylor and his family attend Mass and participate in the CCD services at the Naval Base, but have been unable to do so as all Catholic services have been cancelled.

49. Prior to the government shutdown, Congress passed the "Pay Our Military Act." The Act appropriates funds necessary to provide pay and allowances during a government shutdown to members of the Armed Forces performing active service during such period.

50. The Pay Our Military Act also appropriates for fiscal year 2014 sums necessary to provide pay and allowances to civilian personnel of the Department of Defense and to provide pay and allowances to contractors of the Department of Defense whom the Secretary of Defense determines are providing support to members of the Armed Forces. H.R. 3210.

51. The Secretary of Defense issued a statement on October 5, 2013, providing guidance for the implementation of the Pay Our Military Act and "instructions for identifying those civilian personnel within the Department who 'are providing support to members of the Armed Forces' within the meaning of the Act. Secretary of Defense, October 5, 2013 Mem. available at http://www.defense.gov/pubs/POMA-implementation-guidance.pdf last visited Oct. 14, 2013.

52. The Memorandum states that after consulting with the Department of Justice, the Department of Defense reads the Pay Our Military Act's standard of "support to members of the Armed Forces" to "require[ ] a focus on those employees whose responsibilities contribute to the morale, well-being, capabilities, and readiness of covered military members during the lapse of appropriations." *Id.*; *see* Dept. of Defense Press Release, October 5, 2013, Statement by Secretary Hagel on the Pay Our Military Act, available at http://www.defense.gov/Releases/ReleaseID=16293 last visited Oct. 11, 2013.

53. Military chaplains under contract such as Father Leonard have not been permitted to return to work because the Defendants do not consider military chaplains to fall within the standard described in the Pay Our Military Act.

54. Because Defendants refuse to include military chaplains as covered personnel under the Pay Our Military Act, Father Leonard has been told he is prohibited from returning to the Kings Bay Chapel to provide Catholic services, even on a volunteer basis.

55. Therefore the Catholic community on the Naval base, which includes Plaintiffs, have been deprived of Catholic services, scheduled blessings, confession, and the ability to congregate and practice their faith.

## COUNT I
### Violation of the Religious Freedom Restoration Act ("RFRA")

56. Plaintiffs hereby incorporate by reference all above-stated paragraphs.

57. Defendants' actions have deprived and continue to deprive Plaintiffs of their right to engage in religious expression by denying access to the Kings Bay Chapel and the religiously significant materials contained therein.

58. Defendants' actions have deprived and continue to deprive Plaintiff Father Ray Leonard of his right to engage in religious expression by prohibiting him from fulfilling the duties of a Catholic priest.

59. Defendants' actions have deprived and continue to deprive Plaintiff Fred Naylor of his right to engage in religious exercise by attending Catholic blessings, confession, services, and Mass at Kings Bay Chapel.

60. Defendants have created a substantial burden on Plaintiff Father Leonard's exercise of religion by prohibiting him from entering the chapel to offer Mass or otherwise attend to his congregation.

61. Defendants have created a substantial burden on Plaintiff Fred Naylor's exercise of religion by prohibiting him from practicing his faith through scheduled blessings, confession, services, and Mass at Kings Bay Chapel.

62. Defendants have failed to demonstrate a compelling government interest in refusing Plaintiffs access to the chapel and prohibiting Catholic services on the Naval Submarine Base Kings Bay.

63. Prohibiting Father Leonard from offering Catholic sacraments at Naval Submarine Base Kings Bay and refusing access to the Base chapel for Catholic services is not the least restrictive means of furthering any interest Defendants may have.

64. As a direct and proximate result of Defendants' violation of the RFRA Plaintiffs have suffered and will reasonably suffer in the future irreparable harm, including the loss of constitutional rights, entitling Plaintiffs to declaratory and injunctive relief and damages.

### COUNT II
### Violation of the First Amendment − Free Exercise Clause

65. Plaintiffs hereby incorporate by reference all above-stated paragraphs.

66. Defendants have deprived and continue to deprive Plaintiffs of the right to practice their religion by prohibiting Plaintiff Father Leonard from offering Mass and administering to the spiritual needs of his congregation at Naval Submarine Base Kings Bay.

67. Defendants' prohibition on use of the chapel is not neutral or generally applicable.

68. Members of religions, other than the Roman Catholic religion, have been afforded access to the chapel to engage in religious exercise in conformity with their respective faiths.

69. Defendants' refusal to allow Father Leonard to offer his services even on a volunteer basis on the Naval Base is a substantial burden on his exercise of religion.

70. Defendants do not have any compelling interest in prohibiting Father Leonard from fulfilling the duties of a Catholic priest or from stripping active and retired members of the military, such as Fred Naylor, of their ability to practice their Catholic faith.

71. Defendants do not have any compelling interest in excluding Catholics from using the Base chapel for their religious exercise.

72. Defendants do not have any compelling interest in prohibiting Father Leonard from offering his religious services as a Catholic priest to his congregation at Naval Submarine Base Kings Bay.

73. Defendants' actions chill religious exercise at Naval Submarine Base Kings Bay as to Catholics and particularly as to Plaintiffs.

74. Defendants' actions place a substantial burden on Plaintiffs' religious exercise.

## COUNT III
### Violation of the First Amendment − Freedom of Expressive Association/Assembly
### (42 U.S.C. § 1983)

75. Plaintiffs hereby incorporate by reference all above-stated paragraphs.

76. Defendants have deprived and continue to deprive Plaintiffs of the right to expressive association guaranteed by the First Amendment by denying Catholics access to the Base chapel.

77. Defendants have deprived and continue to deprive Father Leonard of the right to expressive association by prohibiting him from offering mass and engaging with his congregation as a Catholic priest and military chaplain.

78. Defendants have deprived and continue to deprive the Plaintiffs of the right to expressive association by prohibiting them from providing or participating in Catholic education, outreach, and services with the congregation at the Naval Base.

79. As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiffs have suffered and will reasonably suffer in the future irreparable harm, including the loss of constitutional rights, entitling Plaintiffs to declaratory and injunctive relief and damages.

## COUNT IV
### Violation of the First Amendment – Freedom of Speech

80. Plaintiffs hereby incorporate by reference all above-stated paragraphs.

81. Plaintiffs profess, educate, lecture, discuss, engage in outreach amongst the community, and receive information and education regarding the Catholic faith.

82. Defendants have deprived and continue to deprive Plaintiffs of the right to protected speech as guaranteed by the First Amendment by denying Catholics access to the Base chapel and by denying Catholics Mass, education, services, blessing, *inter alia* on the Naval Base.

83. Defendants have deprived and continue to deprive Father Leonard of the right to protected speech by prohibiting him from offering mass and engaging with his congregation as a Catholic priest and military chaplain.

84. Defendants have deprived and continue to deprive the Plaintiffs of the right to protected speech by prohibiting them from providing or participating in Catholic education, outreach, and services with the congregation at the Naval Base.

85. As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiffs have suffered and will reasonably suffer in the future irreparable harm, including the loss of constitutional rights, entitling Plaintiffs to declaratory and injunctive relief and damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A) to declare that Defendants' actions violate the Religious Freedom Restoration Act and the First Amendment;

B) to temporarily, preliminarily, and permanently enjoin Defendants' application of the Anti-Deficiency Act to Plaintiff Father Leonard's speech and activities as a Catholic priest at Naval Submarine Base Kings Bay;

C) to award Plaintiffs appropriate nominal damages;

D) to award Plaintiffs reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law;

E) to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

THOMAS MORE LAW CENTER
 /s/   Erin Elizabeth Mersino
Erin Elizabeth Mersino, Esq.
(D.C. Court Bar No. MI 0060)
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
Tel (734) 827-2001
Fax (734) 930-7160
emersino@thomasmore.org

*Counsel for Plaintiffs*