IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FATHER RAY LEONARD; and
FRED NAYLOR,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
DEFENSE; CHUCK HAGEL, Secretary of the
United States Department of Defense; UNITED
STATES DEPARTMENT OF THE NAVY; and
RAY MABUS, Secretary of the United States
Department of the Navy,

    Defendants.

Case No. 1:13-cv-01571

Judge Ellen S. Huvelle

## MOTION TO FILE AMENDED COMPLAINT

Plaintiffs, by and through their undersigned counsel, hereby move this court to amend their pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure. A copy of the amended pleading is attached to this filing as Exhibit A.

As an initial matter pursuant to Fed. R. Civ. P. 15 (a)(1)(B), Plaintiffs are authorized to once amend their complaint as a matter of course within 21 days after service of a motion under Fed. R. Civ. P. 12(b). Instead of filing an answer to Plaintiffs' original complaint, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b) on December 20, 2013. (Dkt. 15).

Pursuant to LCvR 7(m), Plaintiffs' conferred with attorneys for the Defendants. Plaintiffs requested but did not obtain concurrence in the relief sought by this motion. Defendants' counsel stated that after Plaintiffs' file their Motion and Amended Complaint, they "will respond as appropriate."

To any extent it will be argued that leave of the Court is required, and Plaintiffs' Amended Complaint is not as of right, Plaintiffs assert that this motion is timely and there is no

basis for claiming prejudice on the part of any Defendant.  Discovery in this case has not yet begun, nor have the parties set deadlines for filing a motion to amend the pleadings to add any additional parties or claims.

In their motion, Plaintiffs primarily seek to revise factual allegations to more closely reflect the evidence uncovered through the Defendants' handling of Plaintiffs' Original complaint.  Plaintiffs seek to add a claim of First Amendment Retaliation because due to Plaintiff Father Ray Leonard's petition to the court for redress, the Department of the Navy and its employees unilaterally decided to no longer honor his contract of employment.  This retaliation resulted in the withholding of payment for Father Ray Leonard's of his performed services for two months.  To ensure that the proper parties are named in this action, it is necessary to add Bethany Germann and Rebecca Washington of the Department of the Navy, Naval Supply Systems Command in Jacksonville, Florida, who were involved in exacting this retaliation.  In sum, these amendments, occurring so early in the litigation are necessary for full redress of Plaintiffs' claims.

Respectfully submitted,

THOMAS MORE LAW CENTER

  /s/   Erin Elizabeth Mersino
Erin Elizabeth Mersino, Esq.
(D.C. Court Bar No. MI 0060)
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
Tel (734) 827-2001
Fax (734) 930-7160
emersino@thomasmore.org

*Counsel for Plaintiffs*

## MEMORANDUM IN SUPPORT OF MOTION TO FILE AMENDED COMPLAINT

Plaintiffs filed their original complaint on October 14, 2013. (Dkt. 1). Instead of answering Plaintiffs' complaint, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b) on December 20, 2013. (Dkt. 15). No discovery has taken place in this cause, nor has any scheduling order been set by the parties or the Court.

Plaintiffs are authorized to once amend their complaint as a matter of course within 21 days after service of a motion under Fed. R. Civ. P. 12(b). *See* Fed. R. Civ. P. 15 (a)(1)(B). As Defendants' filed their motion under Fed. R. Civ. P. 12(b), Plaintiffs' filing of their Amended Complaint with the Court contemporaneous to this Motion is within 21 days and should be accepted by the Court.

Defendants challenge that Plaintiffs need to obtain leave from the Court before filing their Amended Complaint. Leave is appropriate here.

Leave to amend a complaint is to be *freely granted* when justice so requires. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The thrust of this provision "is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend. *Id.* at 639, n.2.

Moreover, there must be at least some significant showing of prejudice to the opponent if the motion is to be denied. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). As the Supreme Court explains in Forman, leave to amend should be granted in the absence of adverse factors such as undue delay, bad faith, prejudice to the defendants, or futility of the amendment. *Sinclair v. Kleindienst*, 645 F.2d 1080,

1085 (D.C. Cir. 1981) ("Only limited circumstances justify a district court's refusal to grant such leave to amend: undue delay, bad faith on the part of the moving party, or undue prejudice to the opposing party."  None of those factors are present here.

A party's delay in moving to amend is "undue" when, despite learning of the facts underlying the proposed amendment during the discovery period, the movant waits until after the close of discovery to seek amendment. *See Hollinger-Haye v. Harrison Western/Franki-Denys*, 130 F.R.D. 1, 1-2 (D.D.C. 1990); *Anderson v. USAir, Inc.*, 619 F. Supp. 1191, 1198 (D.D.C. 1985), *aff'd* 818 F.2d 49, 57 (D.C. Cir. 1987).  The non-movant is unduly prejudiced by such a delay when the amendment results in "denial 'of the opportunity to present facts or evidence which would have been offered had the amendment been timely.'" *City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6 (D.D.C. 2008) (internal brackets omitted) (quoting *Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 248 (D.D.C. 2004)).  Thus, the non-movant is unduly prejudiced by an amendment that justifies the non-movant's desire to conduct additional discovery but that is made after the close of the discovery period. *See Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996).

No such circumstances exist here.  To the contrary, Plaintiff's Amended Complaint is timely and filed prior to either party expending any resources for discovery.  Indeed due to the case being at an early stage in its litigation, a discovery schedule in this case has not even been set nor has the Court set a scheduling order to determine the deadlines for when Plaintiffs may add additional parties or claims.

Absent bad faith or a dilatory motive on the part of the movant, leave to amend should be granted.  *See Foman*, 371 U.S. at 182; *see also Hardin v. Manitowac-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982) (stating that the purpose of Rule 15 is "to provide the maximum

4

opportunity for each claim to be decided on its merits rather than on procedural niceties."). In short, courts should construe liberally Rule 15 in favor of permitting amendment. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 522 (6th Cir. 1999).

Here, there is no bad faith or evidence of a dilatory motive on behalf of Plaintiffs. Given the early stages of this litigation, there will be no undue prejudice to the opposing parties by allowing the amendments. The modifications to the factual allegations are intended to align and refine the allegations in light of the ongoing discovery. The essential substance of the original allegation remains and the amendment is necessary to clarify those allegations as well as explain related events as required in the interest of justice. In sum, there is no "justifying reason" to deny Plaintiffs leave to amend their pleading.

## CONCLUSION

Plaintiffs respectfully request that the court grant this motion to file their First Amended Complaint, which is attached to this motion as Exhibit A.

Respectfully submitted,

THOMAS MORE LAW CENTER

  /s/   Erin Elizabeth Mersino
Erin Elizabeth Mersino, Esq.
(D.C. Court Bar No. MI 0060)
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
Tel (734) 827-2001
Fax (734) 930-7160
emersino@thomasmore.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 2, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the court's electronic filing system.  Parties may access this filing through the court's system.  I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: None.

      THOMAS MORE LAW CENTER

      <u>/s/Erin Mersino</u>
      Erin Mersino, Esq.